ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR 25 PM 12: 47

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ERIC WAYNE DOTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 312-004 |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| BRIAN OWENS, Commissioner of the | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 20).[1] Petitioner, who was separately convicted and sentenced to terms of incarceration by three sovereigns – Kentucky, the United States, and Georgia, in that order – after a series of robberies, commenced this case pursuant to 28 U.S.C. § 2241. (See doc. no. 1.) Petitioner contended in his petition that after he was paroled from the State of Kentucky, he should have been transferred into federal custody to begin serving his federal sentence, rather than into the custody of the State of Georgia, where he is currently serving his Georgia sentence.[2] (Id. at 3-4.) Petitioner requested that the United States Attorney General "immediately obtain custody" of him. (Id. at

---

[1]Because the R&R was initially returned as undeliverable and re-served after Petitioner was transferred to a different prison (see doc. nos. 15, 16), Petitioner was provided an extension of time to submit objections (see doc. no. 17).

[2]Petitioner raised two other claims: that his Georgia and federal sentences were to run concurrently and that he was entitled to credit on his federal sentence for time spent "erroneously" in Kentucky and Georgia custody. (Doc. no. 1, pp. 3-4.)

3.)

The Magistrate Judge concluded, however, that, when multiple sovereigns have a claim to the custody of a prisoner after he is released by another sovereign, who takes custody of that prisoner is a matter of comity to be resolved by those sovereigns. (See doc. no. 13, pp. 6-7.) The Magistrate Judge noted that Georgia lodged a detainer with the Kentucky Department of Corrections while Petitioner was serving his sentence there, and that the federal government did not do so. (Id. at 6.) Thus, the Magistrate Judge found that Petitioner had no claim for relief based on the fact that Georgia took custody of him after he was paroled from Kentucky rather than the federal government. (Id. at 6-7.) In reaching his conclusion, the Magistrate Judge relied in part on Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir. 1980),[3] which provides that "the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion."[4]

Petitioner's objections are, in the main, a reiteration of the contentions he made in his § 2241 petition, and they have thus already been sufficiently addressed by the Magistrate Judge in the R&R. Three warrant further comment, however.

First, seizing on the term "agreement," Petitioner contends that "there is nothing in the records supporting the contention that the federal government and the State of Georgia made any agreement between themselves concerning which of their sentences will be served first." (Doc.

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[4] The Magistrate Judge also concluded that Petitioner was not entitled to relief on his other two claims. (See doc. no. 13, pp. 7-12.)

2

no. 20, p. 4.) Petitioner's hyper-literal reading of the language cited by the Magistrate Judge misses the mark, however. Specifically, Petitioner's objection fails to call into question the Magistrate Judge's correct conclusion that Petitioner, who has been convicted and sentenced by both the federal government and Georgia, has no claim for relief, such as being ordered into the custody of the other sovereign, based on the order in which those sovereigns choose to have him serve his sentences. See Causey, 621 F.2d at 694 ("A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which is tried or punished for such offenses.") (internal quotation marks and citation omitted).

Next, Petitioner makes the related contention that there is no evidence in the record of a detainer lodged by Georgia with Kentucky. (Doc. no. 20, p. 4.) While the record does not contain a copy of the detainer, the Magistrate Judge's finding was based on sworn affidavit testimony that Georgia lodged a detainer, as well as the "Notice of Discharge" from the Kentucky Department of Corrections, indicating that Petitioner was being sent to the Georgia Department of Corrections. (See doc. no. 13, p. 3 (citing doc. no. 8, Attach. 1, ¶ 17; Attach. 10).) The record and the sequence of events thus corroborate the affidavit testimony that a detainer was indeed lodged, even if the detainer itself is not contained in the record.[5] Accordingly, Petitioner's objection about there being no evidence in the record that Georgia filed a detainer with Kentucky lacks merit.

Finally, again seizing on language in Causey, Petitioner contends that he is serving his sentences in a "piecemeal" fashion. (Doc. no. 20, p. 4.) "The rule against piecemeal incarceration," however, "precludes the government from *artificially* extending the expiration

---

[5]The Court also notes that, despite his claim that he should have been taken into federal custody, Petitioner has failed to present any evidence that the federal government lodged a detainer with Kentucky.

3

date of a prison sentence[.]" Free v. Miles, 333 F.3d 550, 555 (5th Cir. 2003) (emphasis added). Here, Petitioner was separately sentenced by the federal government and the State of Georgia. (See doc. no. 13, pp. 2-3, 8.) Moreover, the federal sentence was rendered before the Georgia sentence, and the federal sentencing judge was silent about whether the federal sentence was to be served concurrently with or consecutive to any future state sentences. (Id. at 8.) Finally, as the Magistrate Judge explained, while the record is unclear about whether the Superior Court of Cobb County, Georgia, ordered Petitioner's Georgia sentence to be served concurrently with his federal sentence, any such order would not be binding on the federal government in any event. (Id. at n.13 (citing Finch v. Vaughn, 67 F.3d 909, 915 (11th Cir. 1995).) Accordingly, Petitioner serving his Georgia sentence before his federal sentence is in no way an artificial extension of either sentence, and his assertion that he is serving his sentences in a piecemeal fashion is baseless.

Petitioner's remaining objections likewise fail to provide any reason for departing from the conclusions in the R&R and are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition filed pursuant to § 2241 is **DENIED**, a final judgment shall be **ENTERED** in favor of Respondents, and this civil action shall be **CLOSED**.

SO ORDERED this 25th day of April, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4